## No. 9850.

### THE STATE EX REL. MRS. ANNE HUYGHE VS. F. A. MONROE, JUDGE DIVISION C., CIVIL DISTRICT COURT, PARISH OF ORLEANS.

The conduct of a district judge who enjoins an execution predicated on a judgment of the Supreme Court, on the ground, as alleged, that said judgment, from its terms and under restrictions placed by the court which rendered it, is not yet executory, is not amenable to the charge that the inferior judge refuses obedience to the mandate of the superior court.

It is competent for the district judge to consider such an allegation, and to act according to his construction of the true meaning of the judgment. His course will not be interfered with by mandamus.

A PPLICATION for Mandamus.

*Alfred Goldthwaite*, for the Relatrix.

*Bayne & Denègre and Braughn, Buck & Dinkelspiel*, for the Respondent.

The opinion of the Court was delivered by

POCHÉ, J. The compaint of relatrix is that the respondent judge has illegally issued an injunction restraining the execution of the judgment rendered in her favor by this court in the case entitled Huyghe vs. Brinkman, reported in the 37th Annual Reports, p. 240, and she invokes, at our hands, a writ of mandamus, intended to coerce the respondent to rescind his order of injunction.

The district judge returns that in his opinion, and under his construction of the various *dicta* and decrees of this court in the premises, the judgment enjoined was not intended by the court to be executory at the present stage of the litigation between the parties, independently of the ultimate adjudication of Brinkman's alleged good faith, which, under the law, and in accordance with our decree, was the condition precedent of his right of recovering moneys disbursed by him for taxes and improvements on the property in suit, and that therefore he deemed it his duty in equity and good conscience to enjoin the execution sued out by relatrix, with a view to consolidate all questions

incident to, and depending upon, the fundamental question of title and good faith, which is now pending in a proper proceeding, between those parties.

Our examination of the record, and a mature consideration of the *status* of the litigation, have failed to show that the respondent has committed an error which would justify our interference by mandamus, as suggested by the relatrix.

Our conclusions in the case of the 37th Annual were that the nature of the action was possessory; that plaintiff in that case, relatrix here, was entitled to rents during the time that she had remained ejected at the instance of Brinkman, and that if the adverse possession of the latter had been in good faith, he was entitled to recover his taxes and " whatever else he could properly plead in offset to the plaintiff's claim for rent." Hence we entered the following decree :

" It is therefore ordered and decreed that the judgment of the lower court is reversed, and that the plaintiff now have judgment for the possession of the premises described in her petition, and for thirty dollars a month rent of same, from November 2, 1878, with five per centum interest from the expiration of each month, and costs of both courts, and that the case be remanded to receive proof of the matters above indicated, and counter-proof of the same for judgment thereon."

The matters " above indicated " were the alleged good faith of the defendant Brinkman, and, as depending thereon, the amounts which he had disbursed for taxes and for necessary repairs, including his right to offset such amounts, if legally due, against the claim, judicially recognized, of plaintiff for rent.

The right of plaintiff to execute the moneyed judgment therein rendered in her favor was subordinated to, and made to depend upon the contemplated judicial determination of the matters " above indicated," and which were to that end referred to the investigation of the lower court.

It is not even pretended that the judgment was at that juncture executory ; the very reverse is apparent from the inaction of relatrix, who did not call for an execution for more than eighteen months thereafter.

Now, has anything since transpired to legally vest it with that character ?

The record contains no proceeding which supplies an affirmative answer.

Under our order, the district judge tried the question of Brinkman's good faith ; he decided it in his favor, and gave him a judgment for

$1900, as an offset *pro tanto* to the amount allowed by our judgment to Mrs. Huyghe on her claim for rent.

On appeal, we reversed this judgment, not because Brinkman had failed, under the evidence, to make out his case of good faith and of the amounts of his disbursements; but because the nature of his alleged good faith necessarily involved a decision of the validity of his title to the property in suit, and because such a question could not be judicially discussed in a possessory action.

Hence, we expressly reversed all his rights in the premises for adjudication in a proper proceeding, which we indicated in the opinion, and which is naturally suggested, as the petitory action.

It, therefore, appears that thus far, only two matters in this apparently interminable litigation, have been judicially set at rest, and these are:

1st. Mrs. Huyghe's right of possession of the premises, and

2d. Her right to recover rent at $30 a month from November 2, 1878, up to the time at which she was restored to possession.

But nothing more is as yet judicially certain.

Now we are informed that the action which we have indicated is pending in the district court, and to that suit all matters have been relegated, including the right of relatrix to execute her judgment, subject or not, as the case may be, to an offset on the part of Brinkman.

In our last decree we said, in reference to that matter: " A judgment in such an action will take up the whole series of adverse claims, of title, of rents and revenues, and the incidental right of compensation for alleged necessary disbursements." That language and other utterances, in our opinion, have, it seems to us, been correctly construed by the respondent judge.

Relatrix lays great stress on our supplemental opinion and decree, in which we refused to entertain Brinkman's application for an order partially suspending the execution of the judgment for rent in her favor.

The pleadings before us did not present or even remotely involve the question of the character of the judgment, as to whether it was executory or not, hence we were powerless to dispose of such an issue at that time.

We said then, and we repeat now, that as a judgment it was final, and that it was the property of Mrs. Huyghe, and as such, beyond our control or that of any other tribunal.

The practical meaning of Brinkman's application, which we discountenanced, was a movement for an injunction without affidavit or bond and without an issue.

But in the present proceeding, the pivotal question involves that very point, and it was competent for the district judge in an injunction proceeding to consider the allegation that, under the restrictions placed thereon by the court which rendered it, the execution of the judgment depended upon future contingencies—and that is precisely the question which the present application places before us, in regular injunction proceedings.

We have noted the reliance of counsel for relatrix on that line of authorities which define the duties of inferior courts in dealing with mandates of their superiors referred or returned to them for execution. But this is not the case at bar. The respondent is not in the attitude of an inferior judge who even hesitates to obey the mandates of his superior. The whole extent and scope of his judicial action has been to ascertain *in limine,* the true meaning and judicial effect of a mandate emanating from his superior, and to order accordingly.

The case falls within the principles considered in our recent opinion in the case of the State ex rel. Sentell vs. Judge, 38 Ann. 31.

We therefore conclude that relatrix is not entitled to the writ of mandamus.

It is therefore ordered that the writ herein prayed for be refused at the costs of relatrix.